UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LETICIA VILLARREAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JONATHAN I. ARNOLD,<br><br>　　　　Defendant. | No. 17 CV 3141<br><br>Judge Manish S. Shah |

## ORDER

Defendant's motion to dismiss, [26], is granted. The first amended complaint is dismissed with prejudice. Enter judgment and terminate civil case.

## STATEMENT

In 2009, Jonathan Arnold filed a frivolous lawsuit against Leticia Villarreal. *See Arnold v. Villarreal*, No. 09-cv-7399 (N.D. Ill.).[1] Villarreal now brings this case against Arnold for malicious prosecution. Arnold moves to dismiss this case on the basis of res judicata and for failure to plead "special injury" as required by Illinois law.

Before she filed this case, Villarreal filed an action against Arnold for abuse of process, which I dismissed with prejudice. *See Villarreal v. Arnold*, No. 16-cv-0603 (N.D. Ill.), Dkt. Entry 55. Villarreal's claim for malicious prosecution had not accrued at the time of that dismissal. That case was dismissed in February 2017, and Villarreal prevailed in the appeal of Arnold's suit against her in April 2017. Villarreal could not have brought a malicious-prosecution case until she received a favorable termination of Arnold's suit. *See Ferguson v. City of Chicago*, 213 Ill.2d 94, 99 (2004); *Cult Awareness Network v. Church of Scientology Int'l*, 177 Ill.2d 267, 272 (1997). Res judicata acts as a barrier to claims that could have been brought as

---

[1] Judge Grady granted Villarreal's motion for summary judgment in that action. *Arnold v. Villarreal*, No. 09-cv-7399, 2014 WL 2922810 (N.D. Ill. June 27, 2014). Arnold moved to vacate or remand that judgment, but Judge St. Eve denied his motion. *Arnold v. Villarreal*, No. 09-cv-7399, 2014 WL 4434580 (N.D. Ill. Sept. 9, 2014), *aff'd*, 853 F.3d 384 (7th Cir. 2017). Arnold appealed that decision, and the Seventh Circuit affirmed. *Arnold v. Villarreal*, 853 F.3d 384 (7th Cir. 2017).

part of an earlier case. *Rein v. David A. Noyes & Co.*, 172 Ill.2d 325, 339 (1996); *see Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001) (federal court sitting in diversity applies claim-preclusion rules of the state in which it sits). This malicious-prosecution claim is not such a claim, and so claim preclusion does not bar this suit.

Malicious-prosecution actions are disfavored in Illinois. *Thomas v. Hileman*, 333 Ill.App.3d 132, 136 (2002). On one hand, there is a general principle that courts should remain open for litigants to settle their rights without fearing that they will be prosecuted for that choice. *Indep. Plus, Inc. v. Walter*, 367 Ill.Dec. 710, 716 (Ill. App. 1st Dist., 2012). On the other hand, there is a societal interest in preventing harassment through lawsuits. *Id.* In an effort to balance the general principle with the societal interest, courts have decided that a malicious-prosecution claim survives a motion to dismiss only when the plaintiff shows: (1) the defendant brought the underlying suit maliciously; (2) the defendant did not have probable cause to bring the underlying suit; (3) the underlying suit was terminated in the plaintiff's favor; and (4) the plaintiff suffered a "special injury." *Cult Awareness*, 177 Ill.2d at 272. Villarreal's complaint easily meets the first three elements. *See* [24] ¶¶ 14–16. The question is whether it satisfies the special injury requirement.

Special injury is defined as something greater than the injury that necessarily results from any lawsuit, it is a "special damage beyond the usual expense, time, or annoyance in defending a lawsuit." *Harmon v. Gordon*, 712 F.3d 1044, 1056 (7th Cir. 2013) (quotation omitted). For example, damages in the form of anxiety, lost time, or a damaged reputation do not qualify; those injuries are viewed as "an unfortunate incident of many (if not most) lawsuits." *Doyle v. Shlensky*, 120 Ill.App.3d 807, 817 (1983) (quoting *Lyddon v. Shaw*, 56 Ill.App.3d 815, 818 (1978)). In practice, almost all cases where an Illinois court held that the plaintiff satisfied the special injury element, the injury that the underlying action caused was quantifiable. *Thomas*, 333 Ill.App.3d at 138; *see also Bank of Lyons v. Schultz*, 78 Ill.2d 235 (1980) (injunction restraining distribution of life insurance proceeds for over nine years sufficiently interfered with property to constitute special injury). Typically, damages in the form of an arrest, a seizure of property, a constructive taking, or an interference with the person or property qualify as special injury. *Levin v. King*, 271 Ill.App.3d 728, 730–31 (1995) (citing *Schwartz v. Schwartz*, 366 Ill. 247, 250–51 (1937)). Finally, the special injury must emanate directly from the alleged malicious prosecution. *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 603 (7th Cir. 1995).

Villarreal says that Arnold knew that Villarreal's financial circumstances were "dire" and that the investment properties she owned in California were "a significant financial asset and source of income." [24] ¶¶ 25–26. Capitalizing on the financial disparity between the two, Arnold filed the 2009 lawsuit in an attempt to "paralyze Villarreal financially" so that she would be unable to defend her interests

2

in separate child custody proceedings occurring before a California court.[2] *Id.* ¶¶ 20, 24. To that end, in the 2009 action, Arnold moved the court to freeze Villarreal's assets, including one of her investment properties. *Id.* ¶ 28; *see also Villarreal v. Arnold*, No. 09-cv-7399 (N.D. Ill.), Dkt. Entry 9. As a result of Arnold's actions, Villarreal says she lost her source of income through the foreclosures of her investment properties; her relationship with her daughter was damaged; and she suffered severe emotional distress, mental anguish, and loss of enjoyment of life. *Id.* ¶ 30.

The allegation that Arnold filed the underlying action with the intention of bankrupting Villarreal, without more, does not state a claim for malicious prosecution. *See Bank of Lyons*, 78 Ill.2d at 240 ("While the institution of an ordinary civil action [. . .], no matter how unfounded, vexatious, or malicious it may be, does not give rise to an action for malicious prosecution," unless, "there has been some interference with the person or property of the defendant in connection with the bringing [. . .] of the civil action.") (citation omitted). Perhaps if Arnold had succeeded in persuading the court in the underlying action to freeze her assets, the result would be different because Villarreal's right to freely use her property would have been suspended during the pendency of the litigation. *See Equity Assocs., Inc. v. Vill. of Northbrook*, 171 Ill.App.3d 115, 119–20 (1988). But, the loss of Villarreal's investment properties to foreclosure equates to the loss of income, and such financial consequences of defending litigation are not special injuries. *See Harmon*, 712 F.3d at 1057.

Interference with child custody or the child-parent relationship does not have the quantifiable characteristic that Illinois courts look for in special injuries. Villarreal does not cite any authority to the contrary. Moreover, the complaint appears to allege that these unquantifiable injuries directly emanate from the custody dispute itself, and not from the underlying litigation here. There is no support for the inference that the nature of the 2009 lawsuit visited the injury onto Villarreal. *Id.* at 1056.

Villarreal's argument that her complaint satisfies the special injury element under the successive harassing suits theory is unsuccessful. *See* [31] at 8 (citing *Shedd v. Patterson*, 302 Ill. 355, 360–62 (1922)). Although several federal judges criticized Arnold's pursuit of the underlying action and appeal, ultimately, he only filed one action, which makes this case distinguishable from the types of cases in which Illinois courts have found that the onslaught of litigation constituted a special injury. *See Cult Awareness*, 177 Ill.2d 267 (large organization induced members to engage in national campaign of litigation, comprising twenty-one

---

[2] The complaint states that in addition to pursuing litigation and a custody battle, Arnold was simultaneously withholding adequate financial support for their child, who lives with Villarreal. [24] ¶¶ 20–21.

actions); *Shedd*, 302 Ill. at 361–62 (defendant brought successive lawsuits even though the substantive issues "had been finally and conclusively adjudicated" and the courts "had repeatedly decided that the defendant had no grievance").

The complaint is dismissed for failure to plead special injury. Villarreal has attempted to plead a malicious-prosecution claim once before, and she filed an amended complaint in response to one motion to dismiss. Another amendment would be futile, so the dismissal is with prejudice.

ENTER:

Manish S. Shah
United States District Judge

Date: September 11, 2017

4